IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BRIAN L. BROWN,

    Plaintiff,                                          Civil Action No. 3:14cv16
                                                                 (Judge Groh)

TIPTON, Unit Manager, 6B Unit; BOYD,
6B Counselor; and U.S. ATTORNEY,

    Defendants.

**REPORT AND RECOMMENDATION THAT ANY
APPLICATION TO PROCEED IN FORMA PAUPERIS BE DENIED AND THAT
COMPLAINT BE DISMISSED WITHOUT PREJUDICE**

On February 3, 2014, the *pro se* plaintiff, an inmate incarcerated at USP Victorville, in Adelanto, California, filed a January 9, 2014 letter motion to the "Chief Justice" seeking an extension of time and raising other new issues in a closed FTCA case[1] in this district, that was construed as a Bivens[2] civil rights action against the above-named defendants. By letter the same day, the Clerk of Court advised the plaintiff that the case in which he had attempted to file the letter motion in was already closed, and that in order for the Court to address his issues, a new civil action would be opened. Accordingly, this case was opened.

The following day, the Clerk of Court sent the plaintiff a Notice of General Guidelines for Appearing *Pro Se* in Federal Court, along with a Notice of Deficiency, advising him that he was required to supply the Court with the complete names and addresses for each of the defendants; re-file his complaint on a court-approved form; and file an application to proceed *in forma pauperis* with supporting documents or pay the $400.00 filing fee within twenty-one days, or by February 25, 2014. The Guidelines and the Notice were sent to the plaintiff by certified

---

[1] See 5:13cv122.

[2] Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

1

mail, return receipt requested, to his last known address at USP Victorville, as reflected on the docket. A review of the docket indicates that they were received on February 10, 2014.

On February 18, 2014, the plaintiff filed a letter motion seeking a 30-day extension of time in which to comply with the deficiency notice. By Order entered February 24, 2014, the plaintiff was given until March 26, 2014 to correct his deficient pleadings. On March 25, 2014, the plaintiff filed another letter motion, in effect seeking another extension of time, alleging that the authorities at USP Victorville were interfering with his legal mail, and asking the court to contact his case worker, a Lieutenant, or the Warden at the facility, to ask them to return his documents.

However, because the plaintiff is not entitled to proceed *in forma pauperis* under 28 U.S.C. § 1915(g), there is no need to grant further extensions to him or wait for his response.

The PLRA has restricted when a complaint may be filed without prepayment of fees. Specifically, 28 U.S.C. §1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A PACER search indicates that the plaintiff has a history of abusive filings. The plaintiff is listed on the National Pro Se Three-Strikes Database as having accumulated more than three strikes in cases that have been dismissed as frivolous or for failure to state a claim.[3]

---

[3] See Brown v. Russell, Case No. 4:02cv4036 (W.D. Ark. Order of Dismissal, dismissing case on April 23, 2002 prior to service pursuant to 28 USC §1915(e)(2)(B(i)-(iii)), and Dkt.# 21 (April 9, 2003 judgment of 8th Cir.. Court of Appeals, affirming dismissal); Brown v. BOP, 3:07cv543 (May 16, 2007 N.D. Texas Judgment, Dkt.# 12, dismissing case pursuant to 28 U.S.C. § 1915(e)(2)); 285 Fed. Appx. 173 (5th Cir. July 23, 2008, dismissing appeal as frivolous or for failure to state a claim); Brown v. Narvais, Case No. 5:06-cv-228-F (W.D. Okla., Order of Dismissal, Dkt.# 64 (dismissing case on April 25, 2007 pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim and issuing three-strikes notice); and Brown v. BOP, Case No. 3:07-cv-543, N.D. Tex., Dkt.#s 8, 11, 12 (summarily dismissing case before service on May 16, 2007 pursuant to 28 U.S.C. § 1915(e)(2)).

As noted *supra,* the plaintiff has filed at least three civil actions which were dismissed on the grounds of being frivolous, malicious, or failing to state a claim upon which relief may be granted. Therefore, based on the strikes the plaintiff has accumulated, he may not file another complaint without prepayment of fees unless he is in "imminent danger of serious physical injury." In the complaint, the plaintiff asserts that the defendants, employees of the Federal Bureau of Prisons at Victorville USP in California, are interfering with his ability to send personal mail and interfering with his access to the courts, by refusing to provide him with "indigent postage," thus causing him to miss legal deadlines. Further, he alleges that his administrative remedies are being denied. Because the plaintiff has yet to provide his claims on a court-approved form, it is unclear what relief he is seeking. However, the relief he is seeking is moot; it is clear that the plaintiff fails to state a claim which would suggest that he is in imminent danger of serious physical injury, let alone in any danger at all.

For the reasons stated above, it is hereby **RECOMMENDED** that the Plaintiff's complaint (Dkt.#1) be **DISMISSED without prejudice**[4] pursuant to 28 U.S.C. §1915(g). See Dupree v. Palmer, 284 F. 3d 1234, 1236 (11th Cir. 2002)("The proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of §1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit.").

**Within fourteen (14) days** after being served with a copy of this Report and Recommendation*, or by April 8, 2014,* any party may file with the Clerk of Court written

---

[4] Should plaintiff be interested in re-filing this case, he must file it in the Central District of California, where jurisdiction is proper. In this case, all of the events giving rise to the plaintiff's cause of action occurred in the Central District of California, and the plaintiff has not alleged any connection between the defendants and this judicial district. Thus, venue is not appropriate in this Court.

objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: March 25, 2014

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE